IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-8-D-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TREMAINE MARTELL EDMONDSON, ) | |
| ) | |
| Defendant. ) | |

On July 5, 2011, pursuant to a written plea agreement, Tremaine Martell Edmondson ("Edmondson") pleaded guilty to conspiracy to distribute and possession with intent to distribute 50 grams of cocaine base (crack) and 5 kilograms of cocaine. See [D.E. 1, 47, 48]. On December 13, 2011, the court held Edmondson's sentencing hearing. See [D.E. 79, 81, 141]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Edmondson's total offense level to be 35, his criminal history category to be IV, and his advisory guideline range to be 235 to 293 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Edmondson to 156 months' imprisonment. See id.; [D.E. 81, 141]. Edmondson did not appeal.

On November 17, 2015, Edmondson moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 248]. Edmondson's new advisory guideline range is 188 to 235 months' imprisonment, based on a total offense level of 33 and a criminal history category of IV. See Resentencing Report. Edmondson requests a 124-month sentence. See id.; [D.E. 24] 2, 5.

The court has discretion to reduce Edmondson's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Edmondson's sentence, the court finds that Edmondson engaged in serious, violent criminal behavior over a long period of time. See PSR [D.E. 62] ¶¶ 1–5, 17–25. Moreover, Edmondson is a violent recidivist and has convictions for larceny, second degree trespassing, assault by pointing a gun, robbery with a dangerous weapon, resisting a public officer, and breaking and entering. See id. ¶¶ 27–36. Edmondson also has a spotty work history. See id. ¶¶ 51–55. Edmondson has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for stealing. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Edmondson received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Edmondson's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct in prison. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Edmondson's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

2

In sum, the court DENIES Edmondson's motion for reduction of sentence [D.E. 248].

SO ORDERED. This **25** day of April 2018.

                                              JAMES C. DEVER III
                                              Chief United States District Judge